BOGERT et al. v. HESS et al.

(Supreme Court, Appellate Division, First Department.   April 12, 1900.)

FRAUDULENT CONVEYANCES — GRANTOR'S FRAUD — EVIDENCE — INTENT—GOOD
    FAITH—CONSIDERATION.
        In an action by a creditor to set aside a conveyance to defendant by
    her husband for fraud, which conveyance was alleged by defendant to
    have been in satisfaction of a debt, evidence showing that, in another
    action by plaintiff against the husband, adjournments were procured by
    his attorney, and then judgment by default allowed, after the making of
    the deed complained of, was improperly admitted, as affecting the deed to
    defendant, since the fraudulent intent of the grantor could not affect the
    conveyance to a grantee made in good faith for a valuable consideration.
        O'Brien, J., dissenting.

Appeal from special term.

Action by Peter F. Bogert and others against Emma Hess, im-
pleaded with others.   From a judgment in favor of plaintiffs, defend-
ant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTER-
SON, O'BRIEN, and INGRAHAM, JJ.

Joel M. Marx, for appellant.
John C. Robinson, for respondents.

PATTERSON, J.   This action was brought by judgment creditors
of Karl Hess to set aside a conveyance of land made by him to his
wife, Emma Hess; it being claimed that such conveyance was made
with intent to hinder, delay, and defraud creditors.   The defendant
Emma Hess alone answered.   After trial of the issues, judgment was
directed for the plaintiffs.

The defendant's position on the trial was that the property was
conveyed to her by her husband in satisfaction of a claim she had
against him for about $10,000, which amount she gave into his posses-
sion some years before, to take care of and save for her.   The trial
judge decided that the conveyance was made without consideration.
We think the proof would have supported the contrary conclusion;
but, without commenting upon that phase of the case, the judgment
should be reversed for an erroneous ruling as to the effect of evidence
admissible in one aspect, but incompetent for the purpose for which
it was undoubtedly used.

The plaintiffs, to establish the fraudulent character of the deed,
offered to show that, an action having been brought by them in a
municipal court against Karl Hess, he, by his attorney, procured the
plaintiffs' attorney to consent to adjournments, and, after he had se-
cured the last of them, allowed judgment to be taken by default.   In
the meantime the conveyance assailed in this action was made.   The
inference was sought to be drawn that Karl Hess availed himself of
the delay to put the property out of his hands, so that a judgment
could not be enforced against it.   A witness was asked concerning
a conversation between him and Karl Hess' attorney on the subject
of the adjournments.   The testimony seems to have been allowed on
the ground that it affected the deed, and not merely as bearing upon

the intent of the grantor. It could not affect the deed, if the grantee received it in good faith and for value. It is evident that the ruling was that the intent of the grantor would invalidate the deed. The witness was asked to state what occurred in the municipal court in connection with the action pending therein. That was objected to, the court remarking that it had "no binding force against the defendant Emma Hess. It is quite material, though, otherwise." Counsel for the defendant then remarked that materiality could not arise unless conspiracy was shown, sufficient to connect Emma Hess with the transaction. Whereupon the court declared that "she is connected sufficiently by being the grantee in the deed." Then the objection was overruled, and an exception was taken by the defendant. The court then stated that "there is no exception needed, because the court states that it is not binding upon the defendant that you represent." Thereupon the counsel expressed himself as satisfied. The court added, however, that: "As a conversation or a happening, it has no effect upon her. I do not say that it does not affect the conveyance to her." Then an exception was taken. The indication here is quite plain that the court regarded the fact of Emma Hess being the grantee in the deed as sufficiently connecting her with a fraudulent purpose on the part of her husband which would invalidate the deed, and that the conveyance might be avoided by reason of the intent of the grantor alone. The evidence could in no way affect the conveyance to her, if she were a grantee for a valuable consideration and in good faith, although the deed was made to secure her, preferentially, for an honest indebtedness due by her husband to her. As a transaction between husband and wife, a suspicion might attach to it. Such transactions are very closely scrutinized by courts. It was taken for granted, almost, in this case, that the nature of the transaction stigmatized it as fraudulent, whereas the indications are quite the contrary.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur. INGRAHAM, J., concurs in result.

O'BRIEN, J. I think the evidence objected to was competent. Upon the ground that the weight of evidence would require a different conclusion than that reached, I concur in the result.